IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT L. WILLIAMS, | ) | No. C 12-2604 JSW (PR) |
| Plaintiff, | ) | |
| | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff, an inmate in the Contra Costa County Jail, filed this civil rights action under 42 U.S.C. § 1983 against Wells Fargo Bank and one of its branch managers because the bank allegedly failed to cancel his debit card and did not send him records that he requested. His application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A, and dismisses it for failure to state a cognizable claim for relief.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

## LEGAL CLAIMS

Plaintiff seeks to sue Wells Fargo Bank and its branch manager under Section 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's claims are not cognizable because they do not satisfy the second element of a Section 1983 claim. Suits against private individuals and entities do not satisfy the second essential element of a claim under Section 1983 because private individuals and entities do not act under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under Section 1983. *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). Plaintiff's claims under Section 1983 against Wells Fargo Bank and its manager are not

cognizable because these Defendants are private parties that are not liable under Section 1983. Consequently, the claims will be dismissed.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: June 11, 2012

_____
JEFFREY S. WHITE
United States District Judge

| | | |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

ROBERT L WILLIAMS,

        Plaintiff,

  v.

WELLS FARGO BANK et al,

        Defendant.
_____/

Case Number: CV12-02604 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert L. Williams ANB-118
27724 Andrea Street
Hayward, CA 94544

Dated: June 11, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk